IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LifeWorks Technology Group LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| Walgreen Co., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff, LifeWorks Technology Group LLC ("Plaintiff"), by and through its undersigned attorneys, Lazarus & Lazarus, P.C., as and for its Complaint against Defendant Walgreen Co. ("Defendant" or "Walgreens") alleges as follows:

### **I. NATURE OF THE ACTION**

1. This is an action for breach of contract against Walgreens, which failed and refused to pay amounts due Plaintiff for certain goods, namely electronics, consumer electronic accessories, and fitness technology, that were produced for and delivered to Defendant. Walgreens plundered Plaintiff's goods and traded upon Plaintiff's good hard work.

### **II. PARTIES**

2. Plaintiff is, and was at all times relevant to the above captioned action (the "Action"), a New York limited liability company with its principal place of business at 530 7th Avenue, New York, NY 10018.

1

3. Defendant Walgreens is an Illinois corporation with its principal place of business at 108 Wilmot Road, Deerfield, IL 60015. Defendant Walgreens owns retail pharmaceutical stores throughout the United States.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) and 1367 and general principles of ancillary and pendant jurisdiction because the matter in controversy exceeds $75,0000 and by reason of diversity of citizenship as follows:

5. Plaintiff is a New York limited liability company and has its principal place of business located in New York, New York.

6. Plaintiff's membership is comprised of Harry Adjmi, Amin Adjmi, Eddie Mizrahi, Solomon Fallas and Max Namer, who are all citizens of the State of New York.

7. No owner/member of Plaintiff is a citizen of the State of Illinois.

8. Defendant Walgreens is a citizen of the State of Illinois.

9. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) because Walgreens resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

10. This Court has personal jurisdiction over Walgreens: (a) based on the location of Walgreens' principal place of business; and (b) since Defendant engaged in one or more of the wrongful practices in this district and maintains sufficient minimum contacts with this district, such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

A.  The Outstanding Invoices

11. Plaintiff is a wholesaler of, amongst other things, electronics, consumer electronic accessories, and fitness accessories.

12. Defendant Walgreens operates as the second-largest pharmacy store chain in the United States.

13. In or about 2012, Plaintiff, through its representative and consultancy firm, First Delta Group, Inc., was introduced to Defendant.

14. Between 2012 and 2016, the Parties conducted business together, wherein Rori Dansky ("Dansky"), a Category Manager at Walgreens, ordered goods from Plaintiff.

15. In or about April through June 2016, Plaintiff and Walgreens entered into agreements wherein Walgreens purchased consumer electronic accessories (collectively, the "Goods") from Plaintiff.

16. Dansky, on behalf of Walgreens, ordered the Goods from Plaintiff.

17. Plaintiff shipped the Goods to Walgreens.

18. Upon information and belief, Walgreens accepted delivery of the Goods and sold the Goods in its retail store locations and online.

19. In or about April through July 2016, Plaintiff issued invoices for the Goods to Walgreens in the amount of $3,127,185.60.

20. Walgreens made a partial payment on the invoices.

21. Despite receipt of the invoices, Walgreens has failed and refused to pay Plaintiff the amount of $1,285,432.27 for the Goods, including amounts due for wrongful and improper

deductions and credits (the "Amount Due"), which amount remains due and owing to Plaintiff.

   B.  <u>The Cancelled Orders</u>

   22.  In 2016, the Parties entered into agreements (the "Second Quarter of 2016 Agreements") wherein Walgreens agreed to purchase, and Plaintiff agreed to manufacture, produce and sell, consumer electronic accessories (the "Second Quarter of 2016 Goods") to Walgreens.

   23.  In reliance on the Second Quarter of 2016 Agreements, Plaintiff caused to be manufactured the Second Quarter of 2016 Goods.

   24.  Lifeworks reasonably anticipated an additional $2,000,000.00 in sales with Walgreens. However, Walgreens unreasonably refused to go forward with anticipated business of approximately $2,000,000.00.

   25.  In or about July 2016, Walgreens cancelled the Second Quarter of 2016 Agreements and refused to accept the Second Quarter of 2016 Goods, leaving Plaintiff with the Second Quarter of 2016 Goods, approximately 228,045 units of goods with an invoice value of approximately $534,673.47, on hand.

   C.  <u>The Demand for Payment</u>

   26.  Since approximately August 2016, Plaintiff has demanded, via oral and written communications, the payment of the Amount Due from Walgreens.

   27.  Walgreens has failed and refused to pay the Amount Due to Plaintiff.

**FIRST CAUSE OF ACTION**
**(Breach of Contract for the Open Invoices)**

   28.  Plaintiff repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

29. In or about April through June 2016, Plaintiff and Walgreens entered into an agreement (the "Agreement"), whereby Plaintiff agreed to sell and Walgreens agreed to purchase the Goods in exchange for payment by Walgreens in the amount of $3,127,185.60.

30. Plaintiff fully performed its obligations under the Agreement.

31. Walgreens breached the Agreement by failing to pay the Amount Due.

32. By reason of the foregoing, Plaintiff is entitled to judgment against Walgreens in the amount of $1,285,432.27 together with interest.

## SECOND CAUSE OF ACTION
**(Breach of Contract for the Cancelled Orders)**

33. Plaintiff repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

34. In 2016, the Parties entered the Second Quarter of 2016 Agreements.

35. In reliance on the Second Quarter of 2016 Agreements, Plaintiff caused to be manufactured the Second Quarter of 2016 Goods.

36. However, in or about July 2016, Walgreens cancelled the Second Quarter of 2016 Agreements and refused to accept the Second Quarter of 2016 Goods, leaving Plaintiff with the Second Quarter of 2016 Goods on hand, namely 228,045 units of goods with an invoice value of approximately $534,673.47.

37. Plaintiff fully performed its obligations under the Second Quarter of 2016 Agreements.

38. Walgreens breached the Second Quarter of 2016 Agreements by cancelling and refusing to accept the Second Quarter of 2016 Goods.

39. Walgreens unreasonably refused to go forward with additional anticipated

purchases of approximately $2,000,000.00.

40. By reason of the foregoing, Plaintiff is entitled to judgment against Walgreens in the amount of $2,534,673.47 together with interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as requested herein, on each of its causes of action, for the costs incurred of the suit herein and for such other and further relief as this Court deems just and proper.

## JURY DEMANDED

Plaintiff requests a trial by jury on all issues so triable.


Dated: April 28, 2017                                   LifeWorks Technology Group LLC

/s/ Harlan M. Lazarus
Harlan M. Lazarus, Esq.
LAZARUS & LAZARUS, P.C.
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel: (212) 889-7400
hlazarus@lazarusandlazarus.com

*Pro Hac Vice Admission Pending*

Steven B. Towbin
Carrie E. Davenport
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 541-0151
stowbin@shawfishman.com
cdavenport@shawishman.com

*Local Counsel for Plaintiff*