# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LifeWorks Technology Group LLC, | ) | |
| Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) | Case No. 17-cv-03217 |
| Walgreen Co., | ) ) | Honorable Gary Feinerman |
| Defendant/Counter-Plaintiff. | ) ) | Magistrate Judge Susan E. Cox |

## AGREED MOTION FOR REASSIGNMENT OF RELATED CASE

Plaintiff LifeWorks Technology Group LLC ("LifeWorks"), by and through its attorneys, with the agreement of First Delta Group, Inc., and pursuant to Local Rule 40.4, moves this Court for entry of an order reassigning Case No. 18-cv-02996 (the "First Delta Action") to be heard with this action as a related case. In support of this motion, LifeWorks respectfully states as follows:

## Factual Background

1. On October 28, 2017, LifeWorks filed a lawsuit against defendant First Delta Group, Inc. ("First Delta") in the Supreme Court for the State of New York, County of New York. LifeWork's lawsuit was subsequently removed to the United States District Court for the Southern District of New York.

2. On April 27, 2018, the District Court for the Northern District of Illinois received the transfer of the First Delta Action from the United States District Court for the Southern District of New York. [Case No. 18-cv-2996, Docket # 20].

3. LifeWorks alleges in the First Delta Action that First Delta, a manufacturer's representative and consultancy firm, introduced LifeWorks to Walgreen Co. ("Walgreens") and that, with First Delta's assistance, LifeWorks developed sales of consumer products with Walgreens to the extent of over $20,000,000. LifeWorks further alleges that First Delta contributed

to the ultimate difficulties in LifeWorks' relationship with Walgreens and abandoned its duties and loyalties to LifeWorks in favor of another third party consumer electric provider. Due to First Delta's actions, LifeWorks contends that its relationship with Walgreens ended. LifeWorks' amended complaint against First Delta asserts claims for breach of fiduciary duty, breach of contract, and damages under the faithless servant doctrine. A copy of LifeWorks' amended complaint against First Delta is attached hereto as **Exhibit 1**. First Delta has not yet answered LifeWorks' amended complaint or otherwise responded, except to seek the transfer of the action to the District Court for the Northern District of Illinois.

4. In April 2017, LifeWorks initiated this action against Walgreens (the "Underlying Action"). In the Underlying Action, LifeWorks seeks damages from Walgreens for breach of contract and alleges that Walgreens failed to pay for goods during their business relationship. Walgreens has asserted counterclaims against LifeWorks and the parties are currently engaged in discovery.

5. Counsel for LifeWorks has conferred with counsel for First Delta regarding reassignment of the First Delta Action, and First Delta agrees with the relief requested herein.

## **Legal Standard**

6. In order to have a case reassigned pursuant to Local Rule 40.4, a party must satisfy one or more of the relatedness definitions under Local Rule 40.4(a) and satisfy all four conditions for reassignment under Rule 40.4(b).

7. Rule 40.4(a) provides that two or more civil cases may be related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class actions suits, one or more of the classes involved in the cases is or are the same.

8. Rule 40.4(b) provides that a case may be reassigned if it is found to be related and if each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

9. The decision to treat cases as related and reassign them pursuant to the local rule is a matter within the Court's discretion. *Teacher's Retirement Sys. of La. v. Black*, 2004 WL 1244236, at *2 (N.D. Ill. June 3, 2004).

## Argument

10. The Underlying Action and First Delta Action are related under Local Rule 40.4(a).

11. LifeWorks has made allegations against First Delta in the First Delta Action regarding First Delta's role in representing LifeWorks' interests with Walgreens and First Delta's contribution to the termination of LifeWorks' relationship with Walgreens. The termination of LifeWork's business relationship and contracts with Walgreens is also at issue in the Underlying Action. Thus, the two cases share claims that grow out of, or at least are related to, the same occurrence and the two cases involve some of the same issues of fact. Indeed, LifeWorks previously issued a subpoena to First Delta in the Underlying Action seeking, *inter alia*, documents and correspondence between LifeWorks, Walgreens, and First Delta relating to allegations in the Underlying Action and First Delta's representation of LifeWorks' interests with Walgreens. Accordingly, the First Delta Action and Underlying Action are related under Local Rule 40.4(a.

12. In addition to the "relatedness" requirement, all four conditions of Local Rule 40.4(b) are satisfied here.

13. <u>First</u>, both the Underlying Action and First Delta Action are pending in the Northern District of Illinois. <u>Second</u>, handling of both cases by this Court is likely to result in substantial saving of judicial time and effort. LifeWorks' complaints against First Delta and Walgreens involve factual issues that substantially overlap and the witnesses in both actions are likely to be the same individuals. It would save judicial time and effort to have the proceedings in front of the same court so that pretrial discovery can be conducted more efficiently, and witnesses do not need to be unduly inconvenienced by duplicative pretrial and trial proceedings. <u>Third</u>, the Underlying Action has not progressed to a point where reassigning the First Delta Action will delay the proceedings. Discovery in the Underlying Action is currently ongoing and not scheduled to be completed until October 31, 2018. There is ample time for First Delta to file a responsive pleading (particularly when the amended complaint was filed in November 2017) and begin conducting discovery. <u>Finally</u>, the two cases are susceptible to disposition in a single proceeding. There is commonality between the factual issues in both actions and reassignment will conserve the assets of the Court. Consequently, reassignment of the First Delta Action is appropriate under Local Rule 40.4(b).

**Conclusion**

14. For the foregoing reasons, LifeWorks respectfully requests that the Court enter an order (i) granting this Motion (ii) reassigning the First Delta Action to this Court; and (iii) granting such other relief as the Court deems appropriate.

Dated:  May 17, 2018                         Lifeworks Technology Group LLC

*/s/ Steven B. Towbin*

Steven B. Towbin
Allison B. Hudson
Shaw Fishman Glantz & Towbin LLC
321 North Clark, Suite 800
Chicago, Illinois 60654
(312) 541-0151
stowbin@shawfishman.com
ahudson@shawfishman.com

*Local Counsel for Plaintiff*


Harlan M. Lazarus, Esq.
Yvette J. Sutton, Esq.
Lazarus & Lazarus, P.C.
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400
hlazarus@lazarusandlazarus.com

*Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

Steven B. Towbin certifies that he caused to be served a true copy of foregoing **AGREED MOTION FOR REASSIGNMENT OF RELATED CASE** upon the attached Electronic Mail Notice List through the ECF System and on the attached Service List in the manner so indicated on this 17th day of May, 2018.

*/s/ Steven B. Towbin*

**Mailing Information for a Case 1:17-cv-03217**
*LifeWorks Technology Group LLC v. Walgreen Co.*

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert M. Andalman**
  randalman@aandglaw.com,ldavlin@aandglaw.com,edavis@aandglaw.com
- **Allison Hudson**
  ahudson@shawfishman.com,lgonzalez@shawfishman.com
- **Harlan M. Lazarus**
  hlazarus@lazarusandlazarus.com,ysutton@lazarusandlazarus.com
- **Yvette Janelle Sutton**
  ysutton@lazarusandlazarus.com
- **Steven Bennett Towbin**
  stowbin@shawfishman.com,cknez@shawfishman.com,cdonohue@shawfishman.com
- **Candace Gaston Turner**
  cturner@aandglaw.com,ldavlin@aandglaw.com,edavis@aandglaw.com

## ADDITIONAL PARTIES TO BE SERVED VIA EMAIL

Brian Flynn Gurber
Jonathan D. Rosen
Spencer J. Marks
Pokorny & Marks, LLC
6 West Hubbard Street, Suite 700
Chicago, Illinois 60654
bgurber@pokornymarks.com
jrosen@pokornymarks.com
smarks@pokornymarks.com

*Counsel for First Delta Group, Inc. in Case No. 18-cv-02996*